UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN F. ROGERS,<br><br>   Plaintiff,<br><br>  v.<br><br>FEDERAL HOME LOAN BANK OF SAN FRANCISCO,<br><br>   Defendant. | Case No. 19-cv-01978-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A VEXATIOUS LITIGANT ORDER**<br><br>Re: Dkt. No. 21 |

Now before the Court is defendant's motion for an order declaring plaintiff a vexatious litigant ("Motion"). This motion is scheduled for hearing on November 26, 2019. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted and for good cause shown, defendant's motion is DENIED. Additionally, the Court GRANTS defendant's request and supplemental request for judicial notice in their entirety.

**BACKGROUND**

Plaintiff Brian F. Rogers is no stranger to litigation. The San Diego County Superior Court has already found plaintiff to be a vexatious litigant. Dkt. No. 21-4 at 12-13[1] (Ex. 40 – 9/28/2012 Minute Order); *id.* at 15 (Ex. 41 – Prefiling Order – Vexatious Litigant); Dkt. No. 21-5 at 246 (Ex.

---

[1] For ease of reference, all citations to page numbers refer to the ECF branded number in the upper right corner of documents. All references to exhibit numbers correspond to the exhibits filed with defendant's request for judicial notice (Dkt. No. 21-2).

114 – Vexatious Litigant List); Dkt. No. 28-2 at 51 (Ex. 120 – Updated Vexatious Litigant List). Below is a brief summary of plaintiff's litigation history based on documents filed by defendant. Dkt. No. 21-2 (Request for Judicial Notice). In each case, plaintiff appeared *pro se*. Dkt. No. 21 at 7 (Motion).

### A. Employment and Consumer Discrimination Cases

Germane to the instant case, plaintiff has filed at least four lawsuits against three different defendants alleging race and age-related employment discrimination. Dkt. 21 at 8, 21-23 (Motion). In the first, filed almost ten years ago on December 2, 1999 in the Northern District of California, plaintiff demanded $33,000,000 in damages related to employment discrimination allegations. Dkt. No. 21-5 at 215-221 (Ex. 109 – Docket); *Rogers v. Bank of America Corporation*, Case No. 3:99-cv-05146-MJJ. Defendant filed for summary judgment, but ultimately the court dismissed the case with prejudice pursuant to the parties' stipulation. *Id.* at 220-221.

In 2001, plaintiff filed an action in San Diego Superior Court for employment discrimination against Previo, Inc. Dkt. No. 21-3 at 6-10 (Ex. 1 - Complaint); *Rogers v. Previo, Inc.*, Case No. GIC-776937. Defendants removed to the Southern District of California, where plaintiff demanded $9,999,000 in damages. *Id.* at 3-4 (Ex. 1 – Notice of Removal); *Rogers v. Previo, Inc.* Case No. 3:01-cv-02200-NLS. The parties settled and the court dismissed the case with prejudice on February 11, 2002. *Id.* at 37 (Ex. 4 – ENE Minutes); *id.* at 40-43 (Ex. 5 – Stipulation of Dismissal).

More recently in two separate lawsuits, one filed in San Francisco Superior Court and the other in the Northern District of California, plaintiff pursued claims for employment discrimination against defendant Robert Half International, Inc.[2] and several individuals. In *Rogers v. Robert Half Corporation, et al.*, Case No. CGC 16-551854 ("*Robert Half I*") filed in San Francisco Superior Court on May 6, 2016, plaintiff alleged several state law claims for employment discrimination after defendant, a temporary employment agency, declined to hire him. Dkt. No. 21-5 at 55-64 (Ex. 94 – Docket); *id.* at 65-83 (Ex. 95 – Summons and Complaint); Dkt. No. 28-2 at 5-15 (Ex. 115 –

---

[2] Defendant Robert Half International, Inc. was erroneously named "Robert Half Corporation" in the lawsuit. Dkt. No. 21-5 at 125 (Ex. 99 – Order Granting MSJ).

1  Updated Docket).

2  On April 21, 2017, the court awarded summary judgment to defendants, finding plaintiff failed to present evidence of racial or ageist animus. Dkt. No. 21-5 at 123-126 (Ex. 99 – Order Granting MSJ). Rather, plaintiff was not considered for a position because he did not provide references and an updated resume. Dkt. No. 21-5 at 125 (Ex. 99 – Order Granting MSJ). Plaintiff appealed the judgment in May 2017. *Id.* at 127-131 (Ex. 100 – Notice of Appeal).

While the appeal in *Robert Half I* was pending, plaintiff filed suit in the Northern District of California pursuant to Title VII of the Civil Rights Act for employment discrimination. *Id.* at 143-147 (Ex. 102 – Docket); *id.* at 148-166 (Ex. 103 – Complaint); *Rogers v. Robert Half International, Inc. et al.*, Case No. 4:17-cv-03777-PJH ("*Robert Half II*"). Defendant sought to dismiss the case as barred by collateral estoppel, or alternatively, to stay the action pending resolution of the appeal in *Robert Half I*. *Id.* at 167-181 (Ex. 104 – Order Denying Motion to Dismiss). Judge Hamilton stayed the case pending appeal. *Id.*

On May 29, 2019, the California Court of Appeal affirmed the judgment awarded to defendants in <u>Robert Half I</u>. *Id.* at 132-142 (Ex. 101 – Court of Appeal Opinion). Following defendant's notice of the affirmance and the expiration of time to appeal that opinion, Judge Hamilton dismissed *Robert Half II* with prejudice. Dkt. No. 21-5 at 182-184 (Ex. 105 – Notice of Appeal); *id.* at 185-188 (Ex. 106 – Order Dismissing Action).

Similarly, plaintiff pursued claims under the Civil Rights Act, as well as state law tort claims, against defendant private bank in *Rogers v. Zions Bancorporation*, Case No. 2:08-cv-01531-RLH-GWF, filed in the District of Nevada on November 6, 2008. Dkt. No. 21-3 at 44-47 (Ex. 6 – Docket); *id.* at 48-67 (Ex. 7 – Complaint). Plaintiff's claims of mistreatment and discrimination as a bank customer were all resolved in favor of the defendant on summary judgment. *Id.* at 68-76 (Ex. 8 – Order).

**B.     Litigation Involving Apartment Management Consultants, LLC**

Plaintiff filed at least four cases arising out of disputes with Apartment Management Consultants, LLC. In *Rogers v. Apartment Management Consultants, LLC*, Case No. 3:11-cv-

3

00438-MMA-WVG ("*AMC I*"), filed on March 3, 2011 in the Southern District of California, plaintiff sought $3,300,000 in damages for alleged civil rights violations associated with the failure to return plaintiff's security deposit at the end of his lease. Dkt. No. 21-3 at 79-81 (Ex. 10 – Docket) 82-99 (Ex. 11 – Complaint). Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") that was denied, and the case subsequently dismissed. *Id.* at 100-103 (Ex. 12 – Motion to Proceed IFP); *id.* at 104-107 (Ex. 13 – Order Denying IFP).

Following the dismissal of *AMC I* on April 19, 2011, plaintiff filed *Rogers v. Apartment Management Consultants, LLC*, Case No. 11-cv-1140-LAB-BGS ("*AMC II*") on May 25, 2011 in the Southern District of California. Dkt. No. 21-3 at 108-110 (Ex. 14 – Docket); *id.* at 111-128 (Ex. 15 – Complaint). In *AMC II,* plaintiff sought $900,000 in damages pursuant to the Fair Housing Act. *Id.* at 109 (Ex. 14 – Docket). Plaintiff again filed a motion to proceed IFP. *Id.* at 129-137 (Ex. 16 – Motion to Proceed IFP). Following review pursuant to 28 U.S.C. § 1915(e)(2), plaintiff's IFP motion was denied and his complaint dismissed, but with leave to amend. *Id.* at 156-161 (Ex. 18 – Order Denying IFP). Because plaintiff failed to file an amended complaint and expressed an interest in proceeding with the case in the District of Nevada, the case was dismissed. *Id.* at 162-164 (Ex. 19 – Order of Dismissal).

Prior to the dismissal of *AMC II,* plaintiff filed a third suit against Apartment Management Consultants, LLC and other individuals in the District of Nevada. Dkt. No. 21-3 at 165-167 (Ex. 20 – Docket); *id.* at 168-195 (Ex. 21 – Complaint); *Rogers v. Apartment Management Consultants, LLC et al.,* Case No. 2:13-cv-01646-APG-VCF *("AMC III*"). In *AMC III*, plaintiff alleged a host of state law tort claims including fraud and defamation. *Id*. While plaintiff's IFP request was granted in *AMC III*, plaintiff's complaint was dismissed with prejudice on December 17, 2013 because the federal court lacked jurisdiction over the claims. *Id.* at 196-201 (Ex. 22 – Order and Recommendation); *id.* at 202-203 (Ex. 23 – Order of Dismissal).

On October 24, 2013, plaintiff filed a fourth suit against Apartment Management Consultants, LLC in San Diego Superior Court alleging breach of contract and various tort law claims. Dkt. No. 21-3 at 204-219 (Ex. 24 – Docket); *id.* at 220-240 (Ex. 25 - Complaint); *id.* at 241-265 (Ex. 26 – First Amended Complaint); *Rogers v. Apartment Management Consultants, LLC et*

4

*al.*, Case No. 37-2013-00072861 ("*AMC IV*"). Defendants' demurrer was sustained in May 2015 and the case dismissed on July 6, 2015. *Id.* at 266-270 (Ex. 27 – Notice of Ruling); *id.* at 271-275 (Ex. 28 – Order for Dismissal).

### C. Litigation Involving Tipton Enterprises

From 2011 to 2012, plaintiff filed three cases arising out of facts relating to a service visit for his car. Dkt. No. 21 at 11-13 (Motion). In *Rogers v. Tipton Enterprises Inc.*, Case No. 37-2011-00066377-CL-PA-EC, plaintiff filed various negligence claims in San Diego Superior Court on March 9, 2011. Dkt. No. 21-3 at 276-283 (Ex. 29 – Docket); 284-292 (Ex. 30 – Complaint) ("*Tipton I*"). Because plaintiff failed to respond to discovery requests and orders compelling him to do so, the court granted defendants' motion for terminating sanctions on January 26, 2012. *Id.* at 293-295 (Ex. 31 – Order Granting Terminating Sanctions). The case was dismissed on February 22, 2012. *Id.* at 296-298 (Ex. 32 – Judgment of Dismissal). With the dismissal, the court further awarded $925 for sanctions and costs to defendant against plaintiff. *Id.* at 298.

On November 18, 2011 plaintiff filed a second lawsuit against Tipton Enterprises in San Diego Superior Small Claims court. Dkt. No. 21-3 at 299-305 (Ex. 33 – Docket); *id.* at 306-309 (Ex. 34 – Claim and Order to Go to Small Claims Court); *Rogers v. Tipton Enterprises*, Case No. 37-2011-00021867-SC-SC-EC ("*Tipton II*"). After a trial on the merits in February 2012, the court found judgment for plaintiff and awarded $280.00. *Id.* at 310-314 (Ex. 35 – Notice of Entry of Judgment). Although the court found in his favor, plaintiff requested the judgment be set aside. *Id.* at 315-318 (Ex. 36 – Request to Correct or Vacate Judgment). Plaintiff threatened to "re-file this case in superior court and seek damages of $1,475.00 plus punitive damages of $2,000." *Id.* at 317.

Plaintiff kept his promise and filed a third lawsuit against Tipton Enterprises in San Diego Superior Court on April 6, 2012. Dkt. No. 21-3 at 321-331 (Ex. 38 – Docket); Dkt. No. 21-4 at 1-10 (Ex. 39 – Complaint); *Rogers v. Tipton Enterprises, Inc.*, Case No. 37-2012-00066620-CL-PO-EC *("Tipton III"*). On September 28, 2012, Judge Joel R. Wohlfeil granted defendant's motion to declare plaintiff a vexatious litigant and consolidated the three cases. Dkt. No. 21-4 at 11-13 (Ex. 40 – 9/28/2012 Minute Order). Prior to this ruling, on July 6, 2012, plaintiff filed a request to

voluntarily dismiss *Tipton III*. *Id.* at 18 (Ex. 42 - 10/3/2012 Minute Order).

### D. Subsequent Litigation Against the County of San Diego

In the 2012 to 2013 timeframe, plaintiff pursued litigation against San Diego Superior Court and various San Diego County officials in relation to the Tipton cases, alleging a pattern or practice of discriminatory conduct. Dkt. No. 21 at 13-15 (Motion). First, plaintiff filed a civil rights action in the Southern District of California against the County of San Diego, the San Diego County Sheriff's Office, the San Diego Sheriff, and Judge Lantz Lewis, the small claims court judge in *Tipton II*. Dkt. No. 21-4 at 29-33 (Ex. 46 – Docket); 34-45 (Ex. 47 – Complaint); *Rogers v. San Diego County et al.*, Case No. 3:12-cv-1684-IEG-MDD ("*San Diego County I*"). Finding Judge Lewis immune, the court dismissed plaintiff's claims against him with prejudice. Dkt. No. 21-4 at 46-50 (Ex. 48 – Order re: Motion to Dismiss). Plaintiff's claims against the San Diego County defendants were dismissed with leave to amend. *Id.* at 50. After filing an amended complaint largely identical to the first, plaintiff's claims were dismissed with prejudice. *Id.* at 51-77 (Ex. 49 – Amended Complaint); *id.* at 78-81 (Ex. 50 – Order Granting Motion to Dismiss); *id.* at 82-83 (Ex. 51 – Judgment in a Civil Case).

Shortly after *San Diego County I* was dismissed, plaintiff filed another case in the same district against many of the same defendants. Dkt. No. 21-4 at 84-86 (Ex. 52 – Docket); *id.* at 87-103 (Ex. 53 – Complaint); *Rogers v. San Diego County et al.*, Case No. 3:13-cv-01579-H-DHB ("*San Diego County II*"). The court dismissed plaintiff's complaint as barred by claim preclusion. *Id.* at 104-108 (Ex. 54 – Order Dismissing Complaint and Denying IFP).

### E. Litigation Against the California Department of Consumer Affairs

In *Rogers v. Caballero et al.*, Case No. 3:15-cv-01004-DMS-MDD, filed on May 5, 2015 in the Southern District of California, plaintiff alleged that the Secretary of the California Department of Consumer Affairs, Director of Consumer affairs, Program Coordinator for the California Department of Consumer Affairs, Chief of the California Bureau of Automotive Repair ("BAR") and Assistant Chief of BAR discriminated against him on the basis of race and deprived him of his

6

liberty interests in relation to a smog check fee waiver and plaintiff's ability to obtain a driver's license. Dkt. No. 21-4 at 120-125 (Ex. 57 – Docket); *id.* at 126-143 (Ex. 58 – Complaint). The court granted defendants' first motion to dismiss with leave to amend, then ordered the action dismissed with prejudice when plaintiff filed an amended complaint with similar claims. *Id.* at 144-153 (Ex. 59 – Order Granting Motion to Dismiss); 154-182 (Ex. 60 – First Amended Complaint); 183-185 (Ex. 61 – Order on Motion to Dismiss); 186-188 (Ex. 62 – Judgment in a Civil Case).

### F. Litigation Against A to Z Enterprises, Inc.

From 2016 to 2018, plaintiff filed five cases relating to disputes with the City of San Diego and its towing company. Dkt. No. 21 at 18-20 (Motion). The first, filed on March 18, 2016 in San Diego Superior Court Central Division, named the City of San Diego, the San Diego Police Department, and a San Diego police officer as defendants and alleged various tort claims in association with the towing of plaintiff's car. Dkt. No. 21-4 at 189-194 (Ex. 63 – Docket); *id.* at 196-208 (Ex. 64 – Complaint), *Rogers v. City of San Diego et al.*, Case No. 37-2016-00009131-CU-PN-CTL. Because plaintiff filed the first complaint without court approval, the case was stayed given his status as a vexatious litigant. Dkt. No. 21-4 at 209-210 (Ex. 65 – 6/13/2016 Minute Order). After an order to show cause why the case should not be dismissed considering the absence of a pre-filing order, the action was dismissed. *Id.* at 211 (Ex. 65 – 7/1/2016 Minute Order).

On August 25, 2016, plaintiff filed a request to file new litigation with the San Diego Superior Court. *Id.* at 284-285 (Ex. 74 – Request to File New Litigation). The request was denied because the judge deemed the action would be filed for an improper purpose. *Id.* at 287 (Ex. 75 – Order Denying Request to File New Litigation).

Next, in October 2016, plaintiff filed *Rogers v. RoadOne West Inc.*, Case No. 37-2016-00035889-CU-PA-NC, in San Diego Superior Court, North County Division. Dkt. No. 21-4 at 298-304 (Ex. 76 – Docket); *id.* at 305-315 (Ex. 77 – Complaint). Because plaintiff began the litigation without first obtaining approval, defendant A to Z Enterprises, Inc. (erroneously suited as "RoadOne West, Inc.") sought dismissal, which the court granted. Dkt. No. 21-5 at 1-3 (Ex. 78 – Order Granting Dismissal).

On June 13, 2017, plaintiff requested to file new litigation in the North County Division of San Diego Superior Court. *Id.* at 4-5 (Ex. 79 – Request to File New Litigation). Two days later, the court denied plaintiff's request due to a lack of jurisdiction, and noted plaintiff's request had already been denied. *Id.* at 6-7 (Ex. 80 – Order Denying Request to File New Litigation).

In July 2017 plaintiff filed suit against A to Z Enterprises, Inc. in San Diego Superior small claims court. *Id.* at 8-11 (Ex. 81 – Docket); *id.* at 12-17 (Ex. 82 – Claim and Order to Go to Small Claims Court); *Rogers v. A to Z Enterprises Inc.*, Case No. 37-2017-00351545-SC-SC-CTL. Just one day after filing this new complaint, plaintiff filed a request to vacate the Order declaring him to be a vexatious litigant and remove his name from the Judicial Council's list. Dkt. No. 21-4 at 22-24 (Ex. 43 – Application for Order to Vacate Prefiling Order). The request was denied. *Id.* at 25-26 (Ex. 44 – Order on Application). The San Diego Superior small claims court held trial and dismissed the action without prejudice on November 14, 2017. Dkt. No. 21-5 at 18-19 (Ex. 83 – 11/14/2017 Minute Order).

On December 19, 2017, plaintiff again requested, this time in the A to Z Enterprises Small Claims Court action, that he be allowed to file new litigation. *Id.* at 20-21 (Ex. 84 – Request to File New Litigation). The request was denied. *Id.* at 22-23 (Ex. 85 – Order Denying Request to File New Litigation).

Next, on January 26, 2018, plaintiff filed a second small claims action against A to Z Enterprises, Inc, and requested to file new litigation. Dkt. No. 21-5 at 24-29 (Ex. 86 – Docket); *id.* at 30-35 (Ex. 87 – Claim and Order to Go to Small Claims Court); *id.* at 36-37 (Ex. 88 – Request to File New Litigation); *Rogers v. A to Z Enterprises, Inc.*, Case No. 37-2018-00005091-SC-SC-CTL. This time, the court granted plaintiff's request. *Id.* at 38-39 (Ex. 89 – Order Granting Request to File New Litigation). A trial was held on May 22, 2018 and judgment found for the defendant. *Id.* at 40-41 (Ex. 90 – 5/22/2018 Minute Order); *id.* at 42-44 (Ex. 91 – Notice of Entry of Judgment). Arguing the judge applied the wrong law, plaintiff sought to correct or cancel the judgment. Dkt. No. 21-5 at 45-51 (Ex. 92 – Request to Correct or Cancel Judgment). This request was denied on November 7, 2018. *Id.* at 52-54 (Ex. 93 – Order Denying Request).

Finally, on December 6, 2018, plaintiff filed a lawsuit in the Southern District of California

against the City of San Diego, the San Diego Police Department, its Police Chief, and A to Z Towing Inc. Dkt. No. 21-4 at 218-220 (Ex. 69 – Docket); *id.* at 221-242 (Ex. 70 – Complaint); *Rogers v. City of San Diego et al.*, Case No. 3:18-cv-02746-WQH-MDD. After screening plaintiff's complaint in connection with his IFP request, the court dismissed the complaint for failing to state a claim. Dkt. No. 21-4 at 243-254 (Ex. 71 – Order). Plaintiff filed an amended complaint, as well as a letter addressed to the court and expressing his displeasure with the dismissal. *Id.* at 255-277 (Ex. 72 – Letter and Amended Complaint). The court again dismissed plaintiff's amended complaint with leave to amend, but plaintiff did not file a further amended complaint. *Id.* at 278-283 (Ex. 73 – Order).

### G. Litigation Against Grover Beach

On December 21, 2018, plaintiff filed a complaint alleging various due process and other constitutional violations against the City of Grover Beach, the Grover Beach Police Department, John Bays Towing, and the Grover City Chief of Police in the Central District of California. Dkt. No. 21-5 at 189-191 (Ex. 107 – Docket); *id.* at 192-214 (Ex. 108 – Complaint); Dkt. 28-2 at 47-49 (Ex. 119 – Updated Docket); *Rogers v. City of Grover Beach et al.*, Case No. 2:18-cv-10590-PSG-ADS. The court granted plaintiff's IFP request and the case is currently pending. Dkt. 21-5 at 190-191 (Ex. 107 – Docket).

### H. Other Litigation

Defendant identifies two San Diego Superior small claims court cases filed in 2005 and 2006 against Dan Yarchin and Judith Ellen Cohn. Dkt. No. 21-5 at 224-225 (Ex. 111 – Case Detail for Case No. SE022686); *id.* at 226-227 (Ex. 112 – Case Detail for Case No. SE023048). Plaintiff disclaims these lawsuits, stating he never filed suits against Yarchin. Dkt. No. 27 at 15 (Plaintiff's Opposition to Motion). Considering this dispute and because the Court cannot evaluate the nature of the claims at issue in these suits, the Court will not consider them in the analysis.

Defendant also identifies a 2002 San Diego Superior small claims court case against Road One San Diego Inc. Dkt. No. 21-5 at 222-223 (Ex. 110 – Case Detail for Case No. SC131048).

1 Because the Court cannot evaluate the nature of the claims at issue in that lawsuit, the Court will likewise not consider it.

**LEGAL STANDARD**

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts have "the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (internal citations omitted). Before imposing a pre-filing order, the court must: (1) provide the litigant with notice and an opportunity to be heard; (2) set forth a record of the "cases and motions that support the conclusion that [the litigant's] filings are so numerous or abusive that they should be enjoined"; (3) make "substantive findings as to the frivolous or harassing nature of the litigant's actions"; and (4) ensure that the order is "narrowly tailored to closely fit the specific vice encountered." *De Long v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990).

**DISCUSSION**

To impose a pre-filing order, the Court must find not only that plaintiff's previous filings have been so numerous or abusive as to justify the order, but also that the filings are frivolous or are made for the purpose of harassing defendants or the Court. To make a finding of frivolousness, the court must examine "both the number and content of the filings." *De Long*, 912 F.3d at 1148 (citation omitted). While a numerical definition for frivolousness is not established, a "court [must] make a finding that the number of complaints was inordinate." *Id.* Litigiousness alone is not enough. *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1064 (9th Cir. 2014). "The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski,* 500 F.3d at 1059 (citations omitted).

Turning first to the number of plaintiff's filings, the Court finds plaintiff's repeated attempts to use the courts to litigate issues that are without merit weighs in favor of declaring plaintiff a vexatious litigant. Plaintiff, often without a prefiling order, has filed numerous lawsuits in California courts, over twenty to date, against numerous defendants, including the City and County

of San Diego, its Departments and Officers, its agents (*e.g.* A to Z Enterprises, Inc.), and its judges. Especially concerning are plaintiff's threats to "re-file" cases and accusations of racial animus against judicial officers. Dkt. No. 21-3 at 317 (Ex. 36 - Request to Correct or Vacate Judgment) (stating that "[p]laintiff will re-file this case in superior court"); Dkt. No. 21-4 at 36-44 (Ex. 47 – *San Diego County I* Complaint) (describing Judge Lewis's alleged discriminatory mindset); *id.* at 88-90 (Ex. 53 – *San Diego County II* Complaint) (stating that "[p]laintiff will CONTINUOUSLY file this case until there's a satisfactory resolution. ! [sic]") (emphasis in original); *id.* at 111 (Ex. 55 – Plaintiff's Opposition to Court Dismissal in *San Diego County III*) (stating that a "failure to re-open this case by this federal court will result in an appeal to the Ninth Circuit Court of Appeals"); *id.* at 256 (Ex. 72 - Letter and Amended Complaint) (stating that if the "matter does not move forward, [plaintiff] will be filing a notice of appeal with the 9th Circuit Court of Appeals in San Francisco"). As an alternative to frivolousness, a court may find the litigant's filings "show a pattern of harassment." *De Long,* 912 F.2d at 1148. "However, courts must be careful not to conclude that particular types of actions filed repetitiously are harassing" and instead must "discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." *Ringgold-Lockhart,* 761 F.3d at 1064 (internal citations omitted).

Turning to the nature or content of plaintiff's filings, the Court finds that this is a close case. Not every one of plaintiff's filings are meritless. "A successful motion is neither 'baseless' nor 'frivolous.'" *Id.* at 1065. Twice, including in the instant case, Northern District of California courts accepted plaintiff's complaints pursuant to 28 U.S.C. § 1915(e)(2) when considering plaintiff's IFP requests. Dkt. No. 21-5 at 145 (Ex. 102 – Docket from Case No. 4:17-cv-03777-PJH). The Central District of California screened plaintiff's complaint against the City of Grover Beach and granted IFP. *Id.* at 191 (Docket from Case No. 2:18-cv-10590-PSG-ADS). Out of the four cases where plaintiff sued defendants for alleged employment discrimination, two ended in stipulated or settlement dismissals. Dkt. No. 21-5 at 215-221 (Ex. 109 – Docket from *Rogers v. Bank of America Corporation*, Case No. 3:99-cv-05146-MJJ); Dkt. No. 21-3 at 37 (Ex. 4 – ENE Minutes from *Rogers v. Previo, Inc.,* Case No. 3:01-cv-02200-NLS); *id.* at 40-43 (Ex. 5 – Stipulation of Dismissal from *Rogers v. Previo, Inc.,* Case No. 3:01-cv-02200-NLS). In the two more recent employment

11

discrimination lawsuits, *Robert Half I* and *II,* plaintiff's complaint was dismissed, but with leave to amend. Dkt. No. 21-5 at 84-86 (Ex. 96 – Order Sustaining Demurrer in *Robert Half I*). As such, these cases were neither "baseless" nor "frivolous."

"In light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort." *Ringgold-Lockhart*, 761 F.3d at 1062. Indeed the "final consideration—whether other remedies would be adequate to protect the courts and other parties is particularly important." *Id.* (citation omitted)

Here, other remedies are adequate to protect the courts and other parties. Because plaintiff often requests to proceed IFP, federal courts are allowed by statute to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Considering this alternative, the Court finds that a vexatious litigant order is not yet warranted, although plaintiff is hereby given notice that such an order may be necessary in the future, should plaintiff persist in filing iterations of the same complaint. Defendant may notify the Court should plaintiff file substantially similar litigation in the Northern District of California or other jurisdictions.

## CONCLUSION

For the reasons stated above, and good cause shown, defendant's motion for a vexatious litigant order is DENIED. Plaintiff's request for sanctions is DENIED.[3]

**IT IS SO ORDERED**.

Dated: November 25, 2019

SUSAN ILLSTON
United States District Judge

---

[3] Plaintiff appears to request sanctions pursuant to Cal. Civ. Code § 128.5 in his Opposition. Dkt. No. 27 at 18-19 (Plaintiff's Opposition to Motion). This request is DENIED.